### HAMIL v. COX.

Where one takes up and impounds live stock under section 1451 of
the code, and on giving notice to the owner, makes a claim for
damages but none for expenses, and refuses to surrender posses-
sion to the owner solely because the latter declines to pay the
claim made for damages, and thereafter brings suit for the damages
in which he fails to recover anything, he is not entitled to any
compensation for keeping the stock pending the suit for damages.
The superior court erred in not sustaining the *certiorari*, and the
judgment is reversed with direction that the *certiorari* be sustained
and a final judgment rendered in favor of the plaintiff in *cer-
tiorari*.                    *Judgment reversed, with direction.*
August 1, 1892.

Damages. Impounding live stock. Estoppel. Be-
fore Judge BOYNTON. Pike superior court. October
term, 1891.

There was a verdict against Hamil in a magistrate's
court, and he assigned error by *certiorari* to the superior
court. In 1888 Mrs. Cox sued Hamil for damages sus-
tained in her goobers from his hogs, which were im-
pounded. The hogs were still kept in her possession,
and the case was continued for various reasons until
1889, when she sued defendant for keeping of the hogs
one hundred and sixty-four days, to which suit a plea
was filed. The parties consented to let the cases go to a
jury. A jury having been stricken, defendant objected
to both cases being tried together, and a verdict was
given for him in the suit for damages. The other suit
(that now in question) came on for trial, and plaintiff's
attorney moved to amend the account sued upon by
charging five instead of four cents per day for keeping
the hogs, and to show that the hogs were impounded
under the stock law. To this amendment defendant
objected, for the reason that the suit was brought under
the general law and there was no right to amend so as
to make it conform to the provisions of sections 1449

and 1450 of the code. The summons was, to appear to answer the complaint of Mrs. Cox on account, and the account attached to the summons was, "to keeping two hogs 164 days each, $13.12." The amendment was allowed, which ruling was alleged to be error. Evidence was offered to show what damages had been done by the hogs, which evidence was rejected, the question of damages having already been passed upon by a jury. The petition for *certiorari* alleges that the verdict should be set aside, because a jury had already found that plaintiff had sustained no damage and she had no right to impound the hogs. Another allegation of error was, that the verdict should have been set aside because defendant was not allowed to replevy the hogs when he and plaintiff could not agree upon the amount of damages, as provided for by statute; and if plaintiff kept them after bond and security were provided for, she had no right to recover for feeding them. There was evidence that the account was correct; that the hogs were taken up on plaintiff's premises; that she kept them the number of days stated in the account; that her husband sent word to defendant by Carmichael to come and get them without bond; that plaintiff's son was sent to tell defendant about it the day the hogs were taken up, and was told to tell defendant to come and pay the damages and get the hogs, which the son did tell defendant. For the defendant there was testimony that plaintiff's son told him that the hogs were taken up, but said nothing about damages or pay; that plaintiff did not tell Carmichael to tell defendant that he could get his hogs without bond, but told him to tell defendant he could get them by paying damages; that defendant never did receive word that he could get the hogs without bond, but defendant went for the hogs, proposed to pay whatever damages certain disinterested parties would say had been done, which plaintiff declined, and

then defendant proposed to replevy the hogs and give bond and security, which plaintiff refused to allow, etc.

E. F. DuPREE, for plaintiff in error.
No appearance *contra*.